IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUE ELLEN FRANKLIN | § | |
| | § | |
| V. | § | CASE NO. 4:10cv635 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). Although represented by counsel in the hearing, Plaintiff is pro se on this appeal. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for a period of disability and Disability Insurance Benefits under Title II of the Social Security Act on June 5, 2006, claiming entitlement to disability benefits due to loss of vision. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on April 22, 2008. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Evelyn R. Hartman, testified.

On November 4, 2008, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on September 22, 2010. Therefore, the November 4, 2008 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981

(2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2003.  The claimant is fully insured for blindness.

2. The claimant has not engaged in substantial gainful activity since September 1, 1998, the alleged onset of date.  20 C.F.R. §§ 404.1520(b) and 404.1571 *et seq*.

3. The claimant has the following severe impairments: visual impairment and left ankle arthrosis.  20 C.F.R. § 404.1520(c).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).

6. The claimant was able to perform most of her past relevant work.  20 C.F.R. § 404.1565.

7. The claimant was born on February 27, 1951 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.  20 C.F.R. § 404.1563.

8. The claimant has at least a high school education and is able to communicate in English.  20 C.F.R. § 404.1564.

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills.  See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2.

    10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1560(c) and 404.1566.

    11.    The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 1998 through the date of this decision.  20 C.F.R. § 404.1520(g).

(T.R. 19-23).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401.  The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of

a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## **SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to

the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## **ANALYSIS**

Plaintiff raises several points of error. However, at the outset, Plaintiff must prove she is entitled to disability benefits and that she became disabled prior to the expiration of her insured status which the ALJ found to be June 30, 2003. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). First, Plaintiff contends that the ALJ failed to properly consider her mental impairment. The ALJ must evaluate a claimant's mental impairments pursuant to the procedure set forth in 20 C.F.R § 416.920(a), *only if* the ALJ concludes the claimant has a medically determinable mental impairment. While the ALJ has a duty to fully and fairly develop the facts relative to a claim for benefits, that duty must be balanced against the fact that Plaintiff bears the burden of proof through step four of the evaluation process. *Ripley v. Chafer,* 67 F.3d 552, 557 (5th Cir. 1995); *Holifield v. Astrue,* 2010 WL 4560524 at *2 (5th Cir.2010) (citing *Audler v. Astrue,* 501 F.3d 446, 448 (5th Cir. 2007). The duty to develop the record becomes necessary only when the claimant presents sufficient evidence to raise a suspicion concerning an impairment. *See Jones v. Brown,* 829 F.2d 524, 526 (5th Cir. 1987).

Here, there are only scant records prior to the date of the expiration of her insured benefits relating to her depression. The state agency consultant also found that there was insufficient medical evidence in the file to show that she was disabled prior to June 30, 2003 (T.R. 649). Although a few of her records note that she complains of a long history of depression, other records note that she is "feeling stable and well on meds" (T.R. 369). The Court finds that the ALJ did not err in finding that Plaintiff did not have a medically determinable mental impairment.

Plaintiff next complains that the ALJ should have taken into account Dr. Drew's assessment that Plaintiff suffers from transient but recurrent visual loss of uncertain etiology in her left eye. These symptoms presented long after the expiration of her disability period. Although the condition appears to have resolved, there is a recommendation for continued studies. In any event, the Fifth Circuit has held that evidence showing a degeneration of a claimant's condition after the period of insured status has expired is not relevant to the ALJ's analysis. *Torres v. Shalala*, 48 F.3d 887, 894 n.12 (5th Cir. 1995).

Plaintiff also complains about the omission of a record labeled as "Exhibit A" which demonstrates she had a diagnosis of major depression. However, records prior to June 30, 2003 also demonstrate the same diagnosis: "Major Depression, recurrent, moderate." There is nothing in Exhibit A which was not already available to the state agency examiners nor to the ALJ. In fact, Exhibit A is at T.R. 392 in the records.

Plaintiff also claims that the state agency examiners missed the fact that she had been diagnosed with Major Depression. All the examiners stated was that the evidence in the file was insufficient to show she was disabled prior to June 30, 2003. The examiners did refer to a 2006 psychological evaluation, but this record is well after the cut-off period. The examiners did evaluate the non-exertional limitations for an affective disorder under listing 12.04. In those findings, the examiners found that Plaintiff had mild restrictions in daily living, maintaining social functioning and maintaining concentration, persistence or pace. They found no episodes of decompensation. Thus, no error is shown.

Plaintiff also complains that the ALJ's assessment that she would not be prevented from prolonged standing is wrong in light of the Texas Rehabilitation records which reflect limited in prolonged standing /walking (T.R. 510). However, the ALJ did a thorough and exhaustive review

of her records related to treatment for her ankle condition and noted that from the time period of 2000 to the end of her insured period she had not complained about her ankle and seemed to have done better with physical therapy. The Court cannot re-weigh the evidence or substitute its credibility determination for that of the ALJ. Plaintiff's point of error is overruled.

Plaintiff also contends that the ALJ failed to include her diagnosis of Bipolar I/Depression in his analysis. However, the Court could found no records relating to any diagnosis of bipolar disorder prior to the insured cut off period. It appears this diagnosis was made after the cut-off period. *See Torres*, 48 F.3d at 894.

Plaintiff also takes the ALJ to task for noting that records in December 2003 indicated that she was thinking about starting a business. Plaintiff contends that this was error since the ALJ should also have taken into account that this was likely a manic episode consistent with her biploar analysis. The ALJ stated this in relation to her ankle injury recovery and cited several records to support his analysis that her injury was not as debilitating as alleged. Any error in citing this record was at best harmless error. The Court finds that the ALJ did not rely on this single piece of evidence in his analysis. Any error in discussing the record did not affect Plaintiff's substantial rights. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

Plaintiff also complains about the ALJ's finding as to credibility. Although the ALJ noted that her impairments could produce the symptoms she complained about, the ALJ discounted the symptoms to the extent that the persistence and limiting effects of such symptoms were not consistent with the light residual capacity he found that existed prior to June 30, 2003. The ALJ's credibility determination is entitled to great deference. *Newton v. Apfel*, 209 F.3d 448,459 (5th Cir. 2000). The ALJ devoted considerable time to questioning Plaintiff. He also allowed the record to be supplemented for additional information discussed in the hearing. Plaintiff received a fair

hearing, and the ALJ's finding as to credibility stands.

Plaintiff also contends that she was denied the right to know the entirety of her initial statements in her Application for Disability. However, Plaintiff does not elaborate or brief the issue, and the Court is without any additional information on this matter. It does appear that the record is complete, and even evidence Plaintiff clams was not included was in fact included in the record.

The Court notes that the ALJ gave Plaintiff a very fair and considerate hearing. This Court is bound by the record before it and cannot substitute its judgment for that of the ALJ.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 5th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE